Sidney **WILLIAMS, on behalf of herself and all other similarly situated indirect purchasers in the State of Tennessee Plaintiff,**

v.

**DEL MONTE FRESH PRODUCE COMPANY and Del Monte Fresh Produce N.A., Inc. Defendants.**

No. 3:04–0320.

United States District Court, M.D. Tennessee, Nashville Division.

July 9, 2004.

Patrick M. Barrett, III, Charles F. Barrett, Barrett Law Office, Nashville, TN, for Plaintiff.

Robert Dale Grimes, Bass, Berry & Sims, Nashville, TN, for Defendants.

*MEMORANDUM*

WISEMAN, Senior District Judge.

## I. INTRODUCTION:

Sidney Williams, on behalf of herself and all other similarly situated indirect purchasers in the State of Tennessee, ("Plaintiff"), filed a Class Action Complaint on March 5, 2004 in the Circuit Court for Davidson County. The Complaint alleged three counts of illegal conduct by Del Monte Fresh Produce Company and Del Monte Fresh Produce, N.A., Inc., ("Defendants"). Count 1 alleges a violation of the Tennessee Trade Practices Act, TENN. CODE ANN. § 47–25–101 *et seq.* Count 2 alleges a violation of the Tennessee Consumer Protection Act, Tenn.Code Ann. § 47–18–101 *et seq.* Count 3 alleges that Del Monte fraudulently concealed the existence of an antitrust violation.

Rather than answer the Complaint, Defendants filed a Notice of Removal to this Court. In the Notice of Removal, Defendants stated that this case should be removed pursuant to federal question jurisdiction and patent jurisdiction.

Plaintiff then filed a Motion to Remand, to which Defendants filed a Response, to which Plaintiff filed a Reply.

## II. RELEVANT FACTS:

Plaintiff alleges the following facts in her Complaint filed in the Circuit Court for Davidson County; these facts are currently not in dispute, as Defendants have not filed an answer to Plaintiff's Complaint. Plaintiff alleges that in 1994, Defendants fraudulently obtained a patent for CO–2 Pineapples—Patent # 8863. Since that time, Defendants have allegedly threatened other growers of similar pineapples with litigation if they did not cease growing the similar pineapples. In addition, Plaintiff alleges that Defendants tied

other products to the purchase of CO–2 Pineapples.

## III. DISCUSSION:

■ The Well Pleaded Complaint Rule states that a plaintiff is the master of his claim, and, unless there is a federal question that appears on the face of the complaint, he may choose to have his cause heard in state court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398–99, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). The United States Supreme Court has held that removal from state court is only appropriate in cases where diversity jurisdiction is present or where either federal law creates the cause of action or the plaintiff's right to relief necessarily depends upon resolution of a substantial question of federal law. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988). The Supreme Court has held that to determine whether removal is proper under the Well Pleaded Complaint Rule, the Court need look no further than what appears in the plaintiff's statement of his own claim, paying no attention to possible defenses, whether anticipated or not. *Franchise Tax Board of California v. Const. Laborers Vacation Trust for Southern California*, 463 U.S. 1, 10, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).[1] Finally, the Supreme Court has clearly stated that if interpretation of federal law is not an essential element *in each of* the plaintiff's theories of

recovery, those claims do not arise under federal law. *Christianson*, 486 U.S. at 810, 108 S.Ct. 2166 (emphasis added).

Based on the Well Pleaded Complaint Rule and its interpretation by the Supreme Court, this Court will look no further than Plaintiff's original complaint filed in State Court to determine whether the cause of action is created by Federal Law or a substantial federal question exists that must be adjudicated to resolve the conflict.

### A. Does Federal Law Create this Cause of Action?

There is no question that the three causes of action listed in the Complaint are state law causes of action. Neither party disputes this fact in their memoranda attached to their motions. Therefore, federal law does not create this cause of action.

### B. Does a Substantial Federal Question Exist that Must be Adjudicated to Resolve the Conflict?

### i. Plaintiff presents at least one theory that does not require adjudication of any federal question.

The United States Supreme Court held that if interpretation of federal law is not an essential element *in each of* the plaintiff's theories of recovery, those claims do not arise under federal law. *Christianson*, 486 U.S. at 810, 108 S.Ct. 2166 (emphasis added). The Supreme Court has intimat-

---

1. In *Beneficial Nat'l Bank v. Marie Anderson*, the United States Supreme Court issued an opinion which arguably changed the guidelines for removal from state court. 539 U.S. 1, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003). The Court stated, "a state claim may be removed to federal court *in only two* circumstances-when Congress expressly *so* provides … or when a federal statute *wholly displaces* the state-law cause of action through *complete preemption.*" *Id.* at 8, 123 S.Ct. 2058 (emphasis added).

In the case before this Court, Plaintiff and Defendant are at odds over whether or not *Beneficial Nat'l Bank* changed the guidelines for when removal was appropriate. *See* Pl. Mem. at 4–6; Def. Mem. at 6–8. Some courts of this Circuit have adopted this change. *See Bourke v. Carnahan*, 2003 WL 23412975 (S.D.Ohio July 1, 2003). This Court, however, will not comment on the possible effects of *Beneficial Nat'l Bank*, as that determination is not necessary for the adjudication of this case given that remand should be granted on either standard.

858

ed guidelines for deciding whether cases relating to patents arise under federal patent law. *Id.* at 808, 108 S.Ct. 2166. The Court stated:

§ 1338(a) jurisdiction likewise extends only to those cases in which a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims.

*Id. (citing Franchise Tax Board of California,* 103 S.Ct. at 2848). The Court further reasoned that it is not sufficient that a well-pleaded claim alleges a single theory under which resolution of a patent law question is essential. If there are theories completely unrelated to patent law on the face of a well pleaded complaint, then the claim does not arise under patent law. *Id.*

■ Here, Plaintiff alleges violations of the Tennessee Trade Practices Act, the Tennessee Consumer Protection Act, as well as a claim for fraudulent concealment. In addition to the patent law related allegations that Plaintiff argues prove the violations, Plaintiff also alleges that Defendants tied other products to the purchase of the pineapples in question and disparaged the goods, services or business of another. Pl. Com. at ¶¶ 39, 62. These allegations alone can sustain all three violations of Tennessee Law, with no reference to Patent Law. Thus, according to the Supreme Court's decisions in *Franchise Tax Board of California* and *Christianson,* because Plaintiff alleges a theory of recovery completely unrelated to any federal question, the case should be remanded to the Circuit Court for Davidson County.

ii. In some circumstances, state court can be a proper forum to adjudicate whether patent litigation was sham litigation.

■ This court agrees with the Defendants' contention that claims arising out of patent enforcement are generally so intertwined with federal law, that the federal question is substantial and needs to be adjudicated by a federal court.[2] Def. Mem. at 14. This Court, however, finds that situations exist in which the validity of patent enforcement can be adjudicated without necessitating adjudication of a federal question. These situations are analogous to those that the federal courts often apply to Sherman Act violations in relation to patent enforcement. The first such situation is when the patent was obtained fraudulently, and that fraud can be proven without addressing the merits of the patent application, but rather, by demonstrating an applicant's affirmative attempt at concealing or misstating material facts before the USPO.[3] *See Cataphote Corp. v. De*

---

2. In *Professional Real Estate Investors, Inc. v. Columbia Pictures Industries, Inc.,* 508 U.S. 49, 113 S.Ct. 1920, 123 L.Ed.2d 611 (1993), the United State Supreme Court held that to prove sham litigation required a showing that the litigation was objectively baseless—a federal patent law question—in addition to the subjective bad faith requirement.

3. Although Defendants will likely argue that materiality is best determined in federal court, this Court notes that in *Hycor Corp. v. Schlueter Co.,* 740 F.2d 1529, 1539 (Fed.Cir. 1984), the Federal Circuit Court stated that a finding of fraud can only be determined by a careful balancing of intent in light of materiality, as culpability is so intertwined with intent that a lessor showing of materiality is required when an intent to defraud is established. (*citations omitted* ).

From the Complaint, this Court is convinced that Plaintiff is attempting to establish an intent to defraud, thus making materiality less of a factor. State court is a proper and competent forum to determine intent, and thus, a proper forum to adjudicate this claim. Pl. Com. at ¶¶ 14–39.

*Soto Chemical Coatings, Inc.*, 450 F.2d 769, 772 (9th Cir.1971). A second situation is when the patent holder is aware of the patent infirmity and, nonetheless, initiates or continues prosecution for patent infringement. *See Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp.*, 382 U.S. 172, 177 n. 5, 86 S.Ct. 347, 15 L.Ed.2d 247 (1965).[4] If the federal courts have deemed these standards appropriate for determining whether sham litigation exists in the context of federal antitrust violations, this Court sees no reason why they should not also apply in determining whether sham litigation exists in relation to patent enforcement in the context of state antitrust violations.

▮ In this case, Plaintiff alleges that Defendants made intentional misrepresentations to the United States Patent Office ("USPO"), and that Defendants had notice and knowledge that the patent was invalid, yet continued to attempt to enforce it. Pl. Com. at ¶¶ 14–39. If Plaintiff can prove these facts, then there would not be a federal question, only a *Walker Process*-like fraud inquiry, where intent is paramount to a decision. State court is a competent and appropriate forum to make this inquiry. The state court could consider whether the Defendants intentionally misled the USPO—an inquiry that revolves more around intent and proof of intent than around the actual facts given to the USPO. In addition, the state court could consider whether the Defendants had knowledge that its patent was invalid and continued to attempt to enforce it—

again, a question more of intent than patent law.

iii. Given the history of litigation surrounding Patent # 8863, a state court would not be forced to adjudicate even ancillary federal questions, as these exact questions have been subject to prior adjudication in federal courts.

First, in *Del Monte Fresh Produce Company v. Dole Food Company, Inc.*, a Magistrate Judge for the Southern District of Florida found that Del Monte knew that it could not and did not have a patent for the MD–2 pineapple, a pineapple very similar to the CO–2 pineapple, and that the patent they had for the CO–2 pineapple did not cover the MD–2. Case No. 00–1171, Doc. # 498 at 8 (2002). The Court further found that, because of this fact, any threatening letters Del Monte sent attempting to enforce the CO–2 patent on growers of MD–2 pineapples constituted a fraudulent act. *Id.* Here, Plaintiff alleges that Del Monte caused competitors to refrain from growing competing pineapples, such as the MD–2, with these same fraudulent, threatening letters, thereby obtaining a monopoly. Pl. Com. at ¶ 25. Under the principle of *Res Judicata*, the state court could rely on the federal court's findings of fraud, in relation to these letters, thus alleviating the need to adjudicate the federal question concerning the patent enforcement.[5]

Second, Defendants filed a Motion to Dismiss with Prejudice their own claim in *Maui Pineapple Co. v. Del Monte Corp.*,

---

4. This Court would like to make clear that Plaintiff must meet a very high burden to prevail on either theory. Plaintiff must present clear and convincing evidence of the accused fraud or awareness of the patent infirmity. *Cataphote Corp.*, 450 F.2d at 772.

5. Incidentally, the Florida Court did not find that Del Monte had fraudulently obtained the

CO–2 patent, explaining that Dole had not produced clear evidence of such fraud (the standard necessary in a motion to compel attorney client communication due to the crime-fraud exception). *Del Monte Fresh Produce Company v. Dole Food Company, Inc.*, Case No. 00–1171 (S.D.Fl.2002) at Order On Dole's Motion to Compel, Doc. # 498 at 12.

Case No. 01–1449 (N.Dis.Ca.2003), stating that Patent # 8863, the CO–2 Patent, was invalid from its inception. Here, a state court could rely on this admission of invalidity of the patent, thus avoiding adjudicating that federal question. While Defendants correctly point out that an invalid patent is only one prong of proving both sham litigation and fraud before the USPO, Def. Mem. at 11–15, as explained above, these federal concerns can be alleviated if the Plaintiff can prove certain things as to Defendant's knowledge and actions. The underlying question of the validity of the patent that all of Plaintiff's claims depend upon, however, has already been adjudicated.

## IV. CONCLUSION:

In summary, this Court finds that this case should be remanded to state court for the following reasons. First, Plaintiff presents at least one theory of recovery as to each violation alleged that does not require adjudication of a federal question, and per the ruling in *Christianson,* because there is a theory of the case that does not implicate federal law, it should be remanded to state court. *See Christianson,* 486 U.S. at 810, 108 S.Ct. 2166. Second, this Court finds that, contrary to a recent ruling in the Western District of Tennessee, *Coker v. Purdue Pharma Co.,* 314 F.Supp.2d 777, 782 (W.D.Tenn.2004), and in agreement with a ruling in the District of Kansas, *Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft,* 54 F.Supp.2d 1042, 1053 (D.Kan.1999), there are situations where a state court can adjudicate whether patent litigation was sham litigation. Third, this Court finds that, given the history of litigation surrounding Patent # 8863, a state court would not be forced to adjudicate even ancillary federal questions, as these exact questions have been subject to prior adjudication in federal courts. This Court also notes that any one of the above three findings is independently enough to require a remand to state court, but because of the state of this case, and the similar cases pending before other District Courts, this Court has explained all three findings.

For the reasons set forth above, Plaintiff's Motion to Remand is GRANTED.

An appropriate ORDER will enter.

## *ORDER*

Plaintiff Sidney Williams ("Plaintiff") has filed a Motion to Remand this action to the Circuit Court for Davidson County.

For the reasons set forth in the accompanying Memorandum, Plaintiff's Motion to Remand is GRANTED.

It is so ORDERED.